IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WEIDING WU, derivatively on behalf of ADAPTHEALTH CORP., <br><br> Plaintiff, <br><br> vs. <br><br> RICHARD BARASCH, LUKE MCGEE, STEPHEN P. GRIGGS, JASON A. CLEMENS, FRANK J. MULLEN, GREG BELINFANTI, TERENCE CONNORS, BRADLEY COPPENS, TED LUNDBERG, JOSHUA PARNES, SUSAN WEAVER, DAVID S. WILLIAMS, III, DALE WOLF, and ALAN QUASHA, <br><br> Defendants, <br><br> and <br><br> ADAPTHEALTH CORP., <br><br> Nominal Defendant. | Case No. 2:24-CV-01202-MRP <br><br> Hon. Mia R. Perez <br><br> **STIPULATION AND ORDER STAYING PROCEEDINGS** |

WHEREAS, on March 20, 2024, Plaintiff Weiding Wu ("Plaintiff") filed a complaint (the "Derivative Complaint") in the above-captioned stockholder derivative action (the "Wu Action") against defendants Richard Barasch, Luke McGee, Stephen P. Griggs, Jason A. Clemens, Frank J. Mullen, Greg Belinfanti, Terence Connors, Bradley Coppens, Ted Lundberg, Joshua Parnes, Dr. Susan Weaver, David S. Williams, III, Dale Wolf, and Alan Quasha (the "Individual Defendants"), and against nominal defendant AdaptHealth Corp. ("AdaptHealth," and together with the Individual Defendants, the "Defendants");

WHEREAS, the Wu Action was designated as "related" to a currently pending securities class action, for which a complaint was filed on October 24, 2023 in the United States District Court for the Eastern District of Pennsylvania, captioned *In re: AdaptHealth Corp. Securities Litigation*, Case No. 2:23-cv-04104-MRP (the "Securities Litigation");

WHEREAS, the Wu Action contains substantially similar allegations as the Securities Litigation and includes all of the defendants named in the Securities Litigation;

WHEREAS, on March 25, 2024, Plaintiff served AdaptHealth with the summons and the Derivative Complaint;

WHEREAS, on April 12, 2024, Plaintiff and Defendants (each, a "Party," and together, the "Parties") filed a Stipulation and Proposed Order to Extend Defendants' Time to Respond to the Complaint (ECF 11; the "Stipulation") that, among other things, provided that Defendants' counsel accepted service of the Derivative Complaint on behalf of the Individual Defendants;

WHEREAS, the Parties agree that in the interests of judicial economy, conservation of time and resources, and orderly management of this action, this joint stipulation (the "Stay Stipulation") will promote the efficient and orderly administration of justice.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, subject to the Court's approval, as follows:

1. All proceedings and deadlines in the Wu Action, including any obligation to answer, move against, or otherwise respond to any complaint filed in the Wu Action, are hereby stayed pending the resolution of the Securities Litigation, upon agreement by the Parties, or pursuant to an Order by the Court. Notwithstanding the foregoing, the Parties shall meet and confer within fourteen (14) days of any decision denying, in whole or in part, any motion to dismiss to the Securities Litigation, concerning the substance and/or necessity of the Stay Stipulation.

2. The Parties shall meet and confer regarding consolidation of any shareholder derivative action filed in or transferred to this Court that any Party determines is related to the Wu Action and an application for consolidation of such a shareholder derivative action may be made notwithstanding the stay, and an application for appointment of leadership for plaintiffs may be

made notwithstanding the stay if such appointment by the Court has not already been made by the Plaintiff.

3. The Parties shall meet and confer and then submit a proposed scheduling order to the Court within fourteen (14) days of the date that the stay is lifted.

4. After the stay is lifted, Defendants shall not move to stay the Wu Action in deference to any other derivative action.

5. Defendants shall promptly notify Plaintiff should they become aware of any additional related derivative lawsuits or related threatened derivative lawsuits (including litigation demands and demands for books and records).

6. Defendants shall promptly notify Plaintiff if a related derivative action is not stayed for a similar or longer duration than the Wu Action or if the parties to the Securities Litigation or to related derivative lawsuits or related threatened derivative lawsuits (including litigation demands and demands for books and records) enter into a settlement agreement or memorandum of understanding regarding a settlement.

7. Plaintiff may lift the voluntary stay in the event a related derivative action is not stayed for a similar or longer duration than the Wu Action, or if the parties to the Securities Litigation or to related derivative lawsuits or related threatened derivative lawsuits (including litigation demands and demands for books and records) enter into a settlement agreement or memorandum of understanding regarding a settlement, by giving Defendants a fifteen (15) day written notice to the undersigned counsel for Defendants via email.

8. The Parties shall provide notice to the Court of the dismissal of the Securities Litigation, with prejudice, by the court, and exhaustion of all appeals related thereto ("Final Dismissal") within fifteen (15) days of Final Dismissal.

9. In the event the stay is lifted, the Parties shall no longer be bound by any of the terms in the Stay Stipulation.

10. Defendants will confer with the lead plaintiffs in the Securities Litigation about including Plaintiff in any mediation and in any formal settlement talks between the parties in the Securities Litigation; in the event that Plaintiff is not included, Defendants will mediate or engage in formal settlement talks with Plaintiff at or about the same time.

11. Defendants will include Plaintiff in any mediation and in any formal settlement talks between the parties in any related derivative actions or related threatened derivative actions served or filed before or after the commencement of the Wu Action.

12. Defendants shall promptly produce to Plaintiff any documents produced by, written discovery served upon, and transcripts of depositions of the non-underwriter defendants in the Securities Litigation and exhibits thereto, and in any related derivative actions or related threatened derivative actions (including any stockholder who made a litigation demand and any stockholder who made a books and records demand) served or filed before or after the commencement of the Wu Action, as well as any documents produced in connection with negotiations of a settlement of the Securities Litigation or of any related derivative actions or related threatened derivative actions (including any stockholder who made a litigation demand and any stockholder who made a books and records demand), subject to a reasonable and mutually agreeable confidentiality agreement/protective order, which identifies Plaintiff's permissible uses of the discovery in the Wu Action.

13. Notwithstanding the stay of the Wu Action, Plaintiff may amend the complaint once or twice during the pendency of the stay. Defendants shall not be required to respond to any amended complaint filed in the Wu Action during the pendency of the stay.

- 5 -

14.     No Party is waiving any rights, claims, or defenses of any kind except as expressly stated herein.

Dated: July 25, 2024

                                            **THE BROWN LAW FIRM, P.C.**

                                            /s/ John Coyle IV
                                            John Coyle IV
                                            Timothy Brown
                                            767 Third Avenue, Suite 2501
                                            New York, NY  10017
                                            Telephone: (516) 922-5427
                                            jcoyle@thebrownlawfirm.net
                                            tbrown@thebrownlawfirm.net

                                            *Counsel for Plaintiff*

**WILLKIE FARR & GALLAGHER LLP**

/s/ Todd G. Cosenza
Todd G. Cosenza (admitted *pro hac vice*)
Zeh S. Ekono (admitted *pro hac vice*)
Vincent P. Iannece (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
tcosenza@willkie.com
zekono@willkie.com
viannece@willkie.com

**SAXTON & STUMP LLC**
Steven D. Costello (No. 37288)
Kathryn D. Maza Courtney (No. 330883)
Saxton & Stump, LLC
100 Deerfield Lane, Suite 240
Malvern, PA  19355
Telephone: (484) 328-8500
sdc@saxtonstump.com
kmc@saxtonstump.com

*Counsel for Defendants AdaptHealth Corp., Richard Barasch, Luke McGee, Joshua Parnes, Stephen P. Griggs, Jason A. Clemens, Frank J. Mullen, Greg Belinfanti, Terence Connors, Bradley Coppens, Ted Lundberg, Dr. Susan Weaver, David S. Williams, III, Dale Wolf, and Alan Quasha*

**IT IS SO ORDERED:**

DATED: July 26, 2024

_____
THE HONORABLE MIA R. PEREZ
UNITED STATES DISTRICT JUDGE